UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CURT LOWDER,

        Plaintiff,

    v.                           CAUSE NO.: 3:19-CV-551-RLM-MGG

WARDEN NEAL, et al.,

        Defendants.

OPINION AND ORDER

    Curt Lowder, a prisoner without a lawyer, initiated this case by filing a motion for a preliminary injunction. A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

    Mr. Lowder alleges that, in April 2019, he lived in B cellhouse and gave Lieutenant Wilson a detailed letter requesting protective custody based on the threat posed by other inmates in the cellhouse. Lieutenant Wilson moved Mr. Lowder to another cell on the first floor and secured him in the cell. He advised

Mr. Lowder that he would remain in that cell until the protective custody paperwork could be processed. Mr. Lowder said he still felt vulnerable and unsafe from the other inmates in the cellhouse. As a result, Mr. Lowder withdrew his request for protective custody the following morning and was released from the cell. In June 2019, Mr. Lowder again requested protective custody but again withdrew it after he was told that he would need to be placed in secured cell on the first floor.

According to the motion, on June 14, 2019, correctional staff found Mr. Lowder with a weapon, which he had because he believed he needed for self-defense. He was then moved to D cellhouse. On June 30, Mr. Lowder was poisoned and drugged by inmates from D cellhouse, who had been in contact with the inmates from B cellhouse. Mr. Lowder threatened self-harm and was placed in a suicide watch cell in D cellhouse. Shortly thereafter, Mr. Lowder began experiencing a burning sensation, which he believed was pepper spray or chemical burns. He later saw an inmate sprinkling dust into a fan blowing in Mr. Lowder's cell. Mr. Lowder spit on a correctional officer and was moved to a maximum security cell. On July 13, Mr. Lowder was moved back to a cell in D cellhouse, where he remains in danger from attacks by other inmates. He seeks placement in protective custody.

The Eighth Amendment imposes a duty on prison officials "to take reasonable measures to guarantee the safety of inmates." Farmer v. Brennan, 511 U.S. 825, 832 (1994). "[P]rison officials have a duty to protect prisoners from violence at the hands of other prisoners." Id. at 833. "[I]n order to state a section

2

1983 claim against prison officials for failure to protect, [a plaintiff] must establish: (1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety. Santiago v. Walls, 599 F.3d 749, 756 (7th Cir. 2010). While Mr. Lowder describes a valid Eighth Amendment claim against Lieutenant Wilson, he hasn't filed a complaint and has not resolved his filing fee status. Until these issues are resolved, the court will not allow him to proceed on claims for money damages against the defendants in their individual capacity.

Nevertheless, considering the urgent and ongoing nature of the alleged threat to Mr. Lowder's physical safety, the court will allow Mr. Lowder to proceed on the instant motion. Because the Prison Litigation Reform Act limits the court's authority to grant injunctive relief in this case, the injunctive relief, if granted, will be limited to requiring correctional officials to provide protective measures for Mr. Lowder as required by the Eighth Amendment. See Westefer v. Neal, 682 F.3d 679 (7th Cir. 2012). Further, Ron Neal, as the warden of the Indiana State Prison, has both the authority and the responsibility to ensure that Mr. Lowder receive the protective measures to which he is entitled under the Eighth Amendment. See Gonzalez v. Feinerman, 663 F.3d 311, 315 (7th Cir. 2011). Therefore, Warden Neal in his official capacity is the proper party to respond to motion for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Curt Lowder leave to proceed on the motion for a preliminary injunction against Warden Neal in his official capacity to take protective measures as required by the Eighth Amendment;

(2) DISMISSES Lieutenant Wilson and Other Indiana State Prison Staff;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Warden Neal at the Indiana Department of Correction with a copy of this order and the motion for a preliminary injunction (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS Warden Neal to respond to the motion for preliminary injunction by filing an affidavit addressing whether prison officials are acting with deliberate indifference to Curt Lowder's safety needs in connection with attacks by other inmates by August 5, 2019.

SO ORDERED on July 22, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT